## STATE OF MAINE *versus* TIBBETTS.

So much of § 17, of c. 36, R. S., as prohibits any person from being a *common victualler*, without a license, is not affected by statutes of 1846, c. 205, and of 1851, c. 211, and remains unrepealed.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

INDICTMENT, against the respondent, for being a common victualler without license.

The defendant objected to the indictment, that the statute on which it was brought had been repealed or become invalid by force of certain subsequent statutes. But the Court ruled otherwise, and the defendant was convicted.

*Peters*, for the respondent.

The section of the statute upon which this indictment is based has been repealed by the liquor laws of 1846 and 1851.

It is unnecessary always to *expressly* repeal a statute that it may no longer be binding. *Towle* v. *Marrett*, 3 Maine, 22.

To ascertain the meaning of a law, the Court may look to the object in view, the remedy intended and the mischief to be remedied. *Winslow* v. *Kimball*, 25 Maine, 493.

The object of a license and restraint upon a victualler, was to regulate in them the sale of intoxicating drinks. That was a part of the business and definition of " common victualling," the furnishing of liquors. *State* v. *Burr*, 10 Maine, 438.

When the law of 1846 was passed, which prohibited sales of liquor altogether, and provided new modes and remedies, there was left no such offence as that of common victualling ; there was left no object for the law, no mischief to be remedied. The entire prohibition of sales, made in the Act of 1851, has repealed all those statutes founded merely on a purpose of restraining or regulating that business to which selling was an incident.

Under the Revised Statutes, there was a board of license, consisting of *aldermen, treasurer and clerk*, and a victualler must obtain a license of that board. But now there is no such board. By § 2, c. 211, of Laws of 1851, the only board of license are the aldermen, or in towns, the selectmen. It cannot be that there are two boards of license ; to wit, one board consisting of aldermen alone, and one of aldermen, with clerk and treasurer added. Still there is no provision for a victualler to have a license from the board of 1851, and if this indictment is well founded, there can be in the whole State no such thing as licensed common inn-holding or victualling. The reasonable construction of the statute would be, that there is now no requirement for a license; and common victualling, without the sale of intoxicating drinks, is no offence. That is, that inn-holders and victuallers are now punishable at common law, for all nuisances, and at *statute only*, *as sellers*. They are as much reached as before, only in a different mode, and under another appellation.

*Evans*, Att'y Gen., for the State.

TENNEY, J. — This is an indictment against the defendant for being a common victualler, and is founded upon R. S., c.

36, § 17. It is contended that this section has been wholly repealed by statutes of 1846, c. 205, and of 1851, c. 211.

The statute of 1846 repeals so much of § 17, c. 36, R. S., as affixes a penalty for being a common seller of liquors by retail; and that of 1851 repeals the Act of 1846, excepting the thirteen sections from ten to twenty-two' inclusive. It is very manifest that the Legislature of 1846 and 1851 intended to leave unaffected the provision in the Revised Statutes, which had relation to common victuallers. There is a provision in both of these statutes, however, repealing all Acts inconsistent with them. These statutes are entirely silent upon the subject of common victuallers, and consequently are not inconsistent with the statute, by authority of which this indictment was found.                                 *Exceptions overruled.*

SHEPLEY, C. J., and RICE and HOWARD, J. J., concurred.